UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA NOWACZYK,

      Plaintiff,

v.                                  **Case No.: 8:25-cv-3113-KKM-AAS**

AMERICAN GLASS PROFESSIONALS
LLC,

      Defendant,

_____/

## REPORT AND RECOMMENDATION

Plaintiff Joshua Nowaczyk moves for entry of default judgment against Defendant American Glass Professionals, LLC (AGP). (Doc. 17). AGP did not respond to Mr. Nowaczyk's motion. For the reasons below, the undersigned **RECOMMENDS** that Mr. Nowaczyk's motion be **GRANTED**.

## I.    PROCEDURAL HISTORY AND BACKGROUND

On November 12, 2025, Mr. Nowaczyk filed a six-count Complaint against his former employer, AGP, asserting claims for hostile work environment, disability discrimination, and retaliation under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., and the Florida Civil Rights Act (FCRA), Chapter 760, Florida Statutes, arising from his employment as Fleet Director and Safety Operations. (Doc. 1) Mr. Nowaczyk

alleges that, during his employment with AGP as Fleet Director and Safety Operations from December 12, 2022, through January 10, 2025, his direct supervisor, Carl Goss, subjected him to a frequent campaign of demeaning conduct targeting Mr. Nowaczyk's weight, perspiration, and physical characteristics. (Doc. 1).

Mr. Goss's harassment included repeated disparaging remarks—such as "How can a big guy always move so fast?" and "Look at this fat ass with his sweaty tits"—manufactured "emergencies" intended to publicly ridicule Mr. Nowaczyk, and in October 2023, unwanted physical contact in which Mr. Goss touched Mr. Nowaczyk's breast and remarked about his nipples. *Id.* Mr. Goss also made frequent, unwanted after-hours calls. *Id.* Mr. Nowaczyk was forced to relocate his office six times to distance himself from Mr. Goss. *Id.*

In July 2024, Mr. Nowaczyk reported the harassment to AGP's Vice President of Technology, Luis Lopez, and Chief Operating Officer, Jim White. *Id.* AGP took no corrective action, and Mr. Goss was not disciplined. *Id.* On December 20, 2024, Mr. Goss escalated his conduct by accusing Mr. Nowaczyk, in front of others, of being under the influence of drugs because of his perspiration. *Id.* That same day, Mr. Nowaczyk again complained to Mr. Lopez and Mr. White, and memorialized the complaint in writing on January 2, 2025. *Id.* Eight days later, on January 10, 2025, AGP terminated Mr. Nowaczyk ostensibly for insubordination arising from a missed meeting, despite Mr.

Nowaczyk having been expressly authorized to work remotely during that period. *Id.* AGP's Human Resource representative, William Blodgett, remarked during the termination call, "What did you expect, that we'd fire Carl?" *Id.* Just three months before his termination, Mr. Nowaczyk had received a perfect performance review and a significant raise from Mr. Goss himself. *Id.*

Mr. Nowaczyk served AGP with process on February 5, 2026, and AGP failed to answer, move, or otherwise respond within the time permitted under Federal Rule of Civil Procedure 12(a)(1)(A)(i). On March 5, 2026, the Clerk entered default against AGP. (Doc. 13). Mr. Nowaczyk filed his initial motion for default judgment on March 30, 2026; the court denied that motion without prejudice on April 7, 2026, and directed Mr. Nowaczyk to provide more specific information in support of his request. (Doc. 16). Mr. Nowaczyk filed the instant Renewed Motion on April 13, 2026. (Doc. 17). AGP did not respond, and the time to do so has expired. *See* Local Rule 3.01(c) M.D. Fla.

## II.   JURISDICTION

Jurisdiction over this action is proper. The court has federal-question jurisdiction over Counts I through III under 28 U.S.C. § 1331 because those counts arise under the ADA, 42 U.S.C. § 12101 *et seq.* The court has supplemental jurisdiction over Counts IV through VI under 28 U.S.C. § 1367(a)

because the FCRA claims arise from the same case or controversy as the ADA claims.

## III.    STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment under Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.*" Bell Atl. Corp. v. Twombly*, 550 U.S.

4

544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the court must then determine the appropriate damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

## IV.   ANALYSIS

The complaint alleges six counts: ADA hostile work environment (Count I), ADA disability discrimination (Count II), ADA retaliation (Count III), FCRA hostile work environment (Count IV, FCRA disability discrimination (Count V), and FCRA retaliation (Count VI). Because the FCRA is construed in conformity with the ADA, the analysis and admitted facts supporting the ADA counts equally establish liability under the corresponding FCRA counts, and as such, the "disability-discrimination claims under the FCRA are analyzed using the same framework as the ADA claims." *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255 (11th Cir. 2007); *see D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1224 n.2 (11th Cir. 2005).

### A.   COUNTS I & IV – HOSTILE WORK ENVIRONMENT

To establish a hostile work environment claim under the ADA and FCRA, a plaintiff must show: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his disability or perceived disability; (4) the harassment was sufficiently severe or

pervasive to alter to terms or conditions of employment; and (5) a basis for employer liability exists. *Errickson v. Lakeland Reg'l Med. Ctr., Inc.*, No, 8:22-CV-533-VMC-CPT, 2022 WL 1487588, at *4 (M.D. Fla. May 11, 2022). Each element is satisfied by the admitted allegations.

First, Mr. Nowaczyk is a member of a protected group. He alleges an actual or perceived physical disability, and at the time of the events alleged, he weighed approximately 350 pounds. (Doc. 1). His weight and related physical characteristics, including his perspiration, were the explicit and repeated basis for Mr. Goss's targeting. *Id.*

Second, the harassment was unwelcome. Mr. Nowaczyk alleges he endured a weekly campaign of demeaning conduct from June 2023 through January 2025, formally reported it to AGP's senior management, and repeatedly attempted to avoid Mr. Goss by relocating his office. *Id.*

Third, the harassment was based on Mr. Nowaczyk's actual or perceived disability. Mr. Goss's remarks, including "Look at this fat ass with his sweaty tits," "You move fast for a big guy," and "you sweat a lot, are you on drugs?" leave no ambiguity regarding the disability-based nature of the conduct. *Id.*

Fourth, the harassment was sufficiently severe or pervasive to alter the terms and conditions of Mr. Nowaczyk's employment. The conduct occurred weekly for approximately 18 months, escalated to unwanted sexualized physical contact, and compelled Mr. Nowaczyk to relocate his office six times.

*Id.* Under the totality-of-the-circumstances standard, the frequency, severity, physically threatening nature, and interference with Mr. Nowaczyk's work performance each independently support liability. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

Fifth, a basis for employer liability exists. Mr. Nowaczyk reported Mr. Gross's conduct in July 2024 and again in December 2024 and January 2025. (Doc. 1). Despite actual notice, AGP took no corrective action and imposed no discipline on Mr. Goss. *Id.* AGP's deliberate inaction in the face of actual knowledge of supervisor harassment established employer liability. *See Dees v. Johnson Controls World Services*, 168 F.3d 417, 422 (11th Cir. 1999) (noting that 'the employer's notice of the harassment is of paramount importance [because] if the employer had notice of the harassment, then it is liable unless it took prompt corrective action").

Accordingly, the admitted allegations establish AGP's liability on Counts I and IV.

## B.    COUNTS II & V – DISABILITY DISCRIMINATION

To establish a prima facie case of disability discrimination, a plaintiff must show: (1) he has a disability or is regarded as having one; (2) he is a qualified individual; (3) he was subjected to an adverse employment action because of the disability; and, in a disparate-treatment case, (4) that his

employer treated similarly situated, non-disabled employees more favorably. *Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019).

Each element is satisfied. First, AGP regarded Mr. Nowaczyk as disabled based on his physical condition, which Mr. Goss repeatedly targeted from June 2023 through the date of Mr. Nowaczyk's termination. (Doc. 1). "Regarded as" status is itself a covered disability under the ADA. 42 U.S.C. § 12102(1)(C).

Second, Mr. Nowaczyk is a qualified individual. He served as AGP's Fleet Director and Safety Operations from December 2022, personally trained his supervisor in AGP's operations model, was instrumental in expanding AGP's operations into five states, and received a perfect performance review and a significant raise from Mr. Goss just three months before his termination. *Id.*

Third, Mr. Nowaczyk was subjected to an adverse employment action when AGP terminated him on January 10, 2025. *Id.*

Fourth, the admitted allegations establish disparate treatment. Kier Moore, a co-operations supervisor who routinely yelled and cursed at Mr. Goss in front of subordinates and peers—conduct at least as serious as the "insubordination" AGP invoked to justify terminating Mr. Nowaczyk—was never reprimanded or terminated and remained employed throughout Mr. Nowaczyk's tenure and beyond. *Id.* That comparator evidence, admitted by default, satisfies the disparate-treatment element.

8

Accordingly, the admitted allegations establish AGP's liability on Counts II and V.

### C.    COUNTS III & VI – RETALIATION

To establish a prima facie case of retaliation, a plaintiff must show: (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *Callahan v. City of Jacksonville, Fla.*, 805 F. App'x 749, 751 (11th Cir. 2020).

First, Mr. Nowaczyk engaged in protected activity when he reported disability-based harassment to AGP's Vice President of Technology and Chief Operating Officer in July 2024, again verbally on December 20, 2024, and in writing on January 2, 2025. (Doc 1). Each report constitutes protected activity under 42 U.S.C. § 12203(a).

Second, Mr. Nowaczyk suffered a materially adverse action when AGP terminated his employment on January 10, 2025. *Id.*

Third, a causal connection exists. The eight-day gap between Mr. Nowaczyk's written complaint of January 2, 2025, and his termination on January 10, 2025, is sufficient to establish causation at the prima facie stage. *See Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 601 (11th Cir. 1986) (finding one month between the plaintiff's complaint and discharge was enough to establish causation at the prima facie stage). AGP's stated reason—

9

insubordination for missing a meeting—is pretextual on the face of the admitted allegations: Mr. Nowaczyk has been expressly authorized to work remotely during the same period as part of AGP's purported investigation into his complaint about Gross. (Doc. 1) AGP's Human Resources representative, Mr. Blodgett's remark during the termination call—"What did you expect that we'd fire Carl?"—confirms that the decision was driven by Mr. Nowaczyk's protected complaints rather than any legitimate business reason. *Id.*

Accordingly, the admitted allegations establish AGP's liability on Counts III and VI.

## V.    REMEDIES

"'If the court determines that the defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *PharMerica, Inc. v. Trebert*, No. 8:07-CV-1691-T-23MAP, 2009 WL 10670839, at \*2 (M.D. Fla. Jan. 15, 2009) (internal citation omitted). If a default judgment is granted, the court may hold a hearing to determine damages. *Id.*; Fed. R. Civ. P. 55(b)(2). "[W]hile a hearing is not always required, one should nevertheless be held unless the court 'already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages.'" *Richard Servillo, Plaintiff, v. Sola Medi Spa, LLC*, No. 220CV00130JLBNPM, 2021 WL 406177, at \*3 (M.D. Fla. Feb. 5, 2021)

(quoting *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). The court recommends that a hearing be set on damages to determine the amounts, as the court lacks a sufficient evidentiary basis to calculate Mr. Nowaczyk's requested back pay, front pay, compensatory damages for emotional distress, or punitive damages without further proof.

## VI.   CONCLUSION

For the reasons stated, the undersigned **RECOMMENDS** that Mr. Nowaczyk's motion for default judgment (Doc. 17) be **GRANTED**. The court recommends a default judgment on all counts, but reserves ruling on damages.

**ENTERED** in Tampa, Florida, on April 28, 2026.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

11