**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSHUA NOWACZYK,

      Plaintiff,

v.                                                                Case No. 8:25-cv-3113-KKM-AAS

AMERICAN GLASS
PROFESSIONALS, LLC,

      Defendant.

_____

## <u>ORDER</u>

The United States Magistrate Judge recommends that I grant Plaintiff Joshua Nowaczyk's amended motion for default judgment against American Glass Professionals, LLC, but reserve ruling on damages until after an evidentiary hearing. *See* R. & R. (Doc. 18). The deadline to object to the Magistrate Judge's Report and Recommendation has passed without any party lodging an objection. Considering the record, I decline to adopt the Report and Recommendation.

After conducting a review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v.*

Case 8:25-cv-03113-KKM-AAS    Document 22    Filed 05/26/26    Page 2 of 7 PageID 72

*Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

"While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (citation modified). In other words, the plaintiff must still state a claim for relief against the defendant. *See id.* Here, Nowaczyk's complaint fails to state claims for a hostile work environment, disability discrimination, and retaliation under the Americans with Disabilities Act (ADA) or Florida Civil Rights Act (FCRA), which is "analyzed using the same framework as ADA claims." *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255 (11th Cir. 2007). More specifically, Nowaczyk fails to adequately plead that he was disabled or that he had an objectively reasonable belief that he was disabled.

To state a hostile work environment claim, a plaintiff must allege "(1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee, such as national origin; (4) that the harassment

2

was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). The protected characteristic in an ADA claim is the plaintiff's "disability." *See Rodda v. Univ. of Miami*, 542 F. Supp. 3d 1289, 1298 (S.D. Fla. 2021). Similarly, to state a claim for disability discrimination under the ADA (or FCRA), a plaintiff must allege that he (1) is disabled, (2) is a qualified individual, and (3) was unlawfully discriminated against because of his disability. *See Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam).

Both types of claims require that the plaintiff allege that he has (or is perceived to have) a disability. The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1)(A)–(C). The ADA defines "major life activities" to include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A). Here, Nowaczyk does not

explain the nature of his disability, nor does he allege an impairment that limited one or more major life activities as defined by the ADA. This deficiency is fatal to the motion for default judgment.

From the outset, Nowaczyk alleges merely that he "is a member of a protected class because of his disability . . . ." Compl. (Doc. 1) ¶ 3. But he does not say more. Later, Nowaczyk describes that his immediate supervisor "engaged in frequent, demeaning, and humiliating behavior toward [Nowaczyk], targeting his weight, perspiration, and positive demeanor," noting that Nowaczyk "weighed approximately 350 lbs" at the time of the alleged discrimination. *Id.* ¶ 12 & n.1; *see id.* ¶ 13 (alleging additional harassing statements regarding Nowaczyk's weight and perspiration). In his amended motion for default judgment, Nowaczyk suggests that "[h]is weight and associated physical characteristics – including his perspiration and body composition" form the basis of his disabling impairment. Am. Mot. (Doc. 17) at 7–8. Relying on this claim, the Report and Recommendation concludes that Nowaczyk's "weight and related physical characteristics" make him "a member of a protected group." R. & R. at 6. Similarly, for purposes of the discrimination claim, the Report and Recommendation reasons that the defendant "AGP regarded Mr. Nowaczyk as disabled based on his physical condition," *id.* at 8,

4

presumably referring to Nowaczyk's weight, perspiration, and physical characteristics. Based on the facts alleged, I respectfully disagree.

To begin, Nowaczyk offers no authority for the proposition that his "weight and associated physical characteristics" constitute a protected status or qualifying disability under the ADA. Although the Eleventh Circuit has not definitively ruled on this question,[1] numerous courts have reasoned that "[o]besity, even morbid obesity . . . does not constitute a physical impairment unless it is the result of a physiological disorder or condition." *Middleton v. CSX Transp., Inc.*, No. 3:06CV417/MCR/EMT, 2008 WL 846121, at *2 (N.D. Fla. Mar. 28, 2008) (collecting cases, including *EEOC v. Watkins Motor Lines, Inc.*, 463 F.3d 436, 443 (6th Cir. 2006)); *see Powell v. Gentiva Health Servs., Inc.*, No. CIV.A. 13-0007-WS-C, 2014 WL 554155, at *5 n.9 (S.D. Ala. Feb. 12, 2014) (collecting cases). Nowaczyk does not allege that his weight is the result of such a disorder or condition. More importantly, though, Nowaczyk does not explain how his weight "substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Because Nowaczyk fails to plead those facts, Defendant American Glass cannot be deemed to have admitted them. Nor does

---

[1] At most, the Eleventh Circuit has observed that previous Equal Employment Opportunity Commission regulations provided that, "except in rare circumstances, obesity is not considered a disabling impairment." *Greenberg*, 498 F.3d at 1264 (citation modified).

American Glass, by default, admit to Nowaczyk's legal conclusion that he is disabled under the ADA or FCRA. Default judgment is therefore not warranted on Nowaczyk's hostile work environment or disability discrimination claims.

Finally, unlike with hostile work environment or disability discrimination claims, the plaintiff need not actually be disabled to state a claim for retaliation. *See Branscomb v. Sec'y of Navy*, 461 F. App'x 901, 905–06 (11th Cir. 2012) (per curiam). Rather, "it is sufficient that an employee have a good faith, objectively reasonable belief that his activity is protected by the statute," or in this case, that he was disabled. *Standard v. ABEL Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). But the employee's "belief that he was disabled [must be] objectively reasonable." *Id.* To be sure, Nowaczyk alleges that he complained to his superiors that he was being harassed based on his weight and that he suffered adverse consequences for doing so. But because he fails to level specific allegations that he was limited by his purported impairment, I cannot conclude that Nowaczyk believed in good faith that he was disabled, and thus that his activity was protected by the ADA in the first place.

Accordingly, it is **ORDERED**:

1.  The Court **DECLINES TO ADOPT** the Magistrate Judge's Report and Recommendation (Doc. 18).

2.  Plaintiff's Amended Motion for Default Judgment (Doc. 17) is **DENIED WITHOUT PREJUDICE.**

3.  No later than **June 9, 2026**, Plaintiff may file an amended complaint. No later than **June 23, 2026**, Plaintiff may file a second amended motion for default judgment. If Plaintiff declines to take either action, his complaint will be dismissed without prejudice.

**ORDERED** in Tampa, Florida, on May 26, 2026.

Kathryn Kimball Mizelle
United States District Judge