**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOSHUA NOWACZYK,**

**Plaintiff,**

**v.** **Case No.: 8:25-cv-3113-KKM-AAS**

**AMERICAN GLASS PROFESSIONALS LLC,**

**Defendant,**
______________________________________/

# REPORT AND RECOMMENDATION

Plaintiff Joshua Nowaczyk moves for entry of default judgment against Defendant American Glass Professionals, LLC (American Glass). (Doc. 24). For the reasons below, the undersigned **RECOMMENDS** that Mr. Nowaczyk's second amended motion for default judgment be **DENIED**.

## I. BACKGROUND

Mr. Nowaczyk's amended complaint alleges six causes of action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., and the Florida Civil Rights Act (FCRA), Chapter 760, Florida Statutes. (Doc. 1). Mr. Nowaczyk served American Glass with process on February 5, 2026, and American Glass failed to respond. (Doc. 9). On March 5, 2026, the Clerk entered default against American Glass. (Doc. 13). The court denied without

prejudice Mr. Nowaczyk's first motion for default judgment, and directed Mr. Nowaczyk to provide more specific information in support of his request. (Docs. 15, 16).

Mr. Nowaczyk filed his amended motion for default judgment on April 13, 2026. (Doc. 17). Mr. Nowaczyk's amended motion was denied without prejudice because the complaint failed to adequately plead that he was disabled or that he had an objectively reasonable belief that he was disabled. (Doc. 22). However, the court granted Mr. Nowaczyk leave to amend his complaint. (*Id.*).

Mr. Nowaczyk's amended complaint asserts the same six counts against American Glass, and no new claims for relief or defendants have been added. (Doc. 23). Thus, the Clerk's default remains in effect. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."); *Endurance Am. Specialty Ins. Co. v. Joy Grocery, Inc.*, No: 6:15-cv-1906-Orl-31DCI, 2017 WL 6816614, at *3-4 (M.D. Fla. Dec. 15, 2017); *U.S. v. Bozman*, No. 3:15-cv-573-J-34JRK, 2016 WL 3232942, at *1, n. 2 (M.D. Fla. May 4, 2016) (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982)). Mr. Nowaczyk now moves for default judgment on his amended complaint. (Doc. 24).

## II. JURISDICTION

Jurisdiction over this action is proper. The court has federal question jurisdiction over Counts I through III under 28 U.S.C. § 1331 because those counts arise under the ADA, 42 U.S.C. § 12101, *et seq.* The court has supplemental jurisdiction over Counts IV through VI under 28 U.S.C. § 1367(a) because the FCRA claims arise from the same case or controversy as the ADA claims.

## III. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment under Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing

*Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

## IV. ANALYSIS

Mr. Nowaczyk's amended complaint alleges six counts: ADA hostile work environment (Count I), ADA disability discrimination (Count II), ADA retaliation (Count III), FCRA hostile work environment (Count IV, FCRA disability discrimination (Count V), and FCRA retaliation (Count VI). (Doc. 23). Because the FCRA is construed in conformity with the ADA, the analysis and admitted facts supporting the ADA counts equally establish liability under the corresponding FCRA counts, and as such, the "disability-discrimination claims under the FCRA are analyzed using the same framework as the ADA claims." *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255 (11th Cir. 2007); *see D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1224 n.2 (11th Cir. 2005).

### A. HOSTILE WORK ENVIRONMENT AND DISABILITY DISCRIMINATION CLAIMS (COUNTS I, II, IV, & V)

To state a hostile work environment claim, a plaintiff must allege "(1) that he belongs to a protected group; (2) that he has been subject to unwelcome

harassment; (3) that the harassment must have been based on a protected characteristic of the employee, such as national origin; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). The protected characteristic in an ADA claim is the plaintiff's "disability." *See Rodda v. Univ. of Miami*, 542 F. Supp. 3d 1289, 1298 (S.D. Fla. 2021). Similarly, to state a claim for disability discrimination under the ADA (or FCRA), a plaintiff must allege that he (1) is disabled, (2) is a qualified individual, and (3) was unlawfully discriminated against because of his disability. *See Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam).

Both hostile work environment and disability discrimination claims require that the plaintiff allege that he has (or is perceived to have) a disability. The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1)(A)–(C). The ADA defines "major life activities" to include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping,

walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A).

Mr. Nowaczyk alleges he is a member of a protected class because his immediate supervisor, Carl Goss, accused Mr. Nowaczyk in front of other employees of being under the influence of drugs because he was sweating, asking, "you sweat a lot, are you on drugs?" (Doc. 23, ¶¶ 9—10). Mr. Nowaczyk alleges that throughout his employment, Mr. Goss remarked that Mr. Nowaczyk "get[s] drenched" and would "lose weight by how much [he] sweat[s]." (*Id.*). Mr. Nowaczyk further alleges Mr. Goss publicly mocked Mr. Nowaczyk's weight and sweating, called him "a fat ass with his sweaty tits" in front of subordinates, manufactured false emergencies to ridicule him, placed unwanted drunken after-hours calls, and touched Mr. Nowaczyk's chest. (*Id.*, ¶¶ 15—25, 27).

In Mr. Nowaczyk's second amended motion for default judgment, Mr. Nowaczyk suggests that Mr. Goss's allegations of drug use, together with his remarks attributing Mr. Nowaczyk's perspiration and size to his physical state, weight, and perspiration, form the basis of his disabling impairment. (Doc. 24, pp. 5, 7). However, Mr. Nowaczyk offers no authority holding that his "weight and associated physical characteristics" constitute a protected status or qualifying disability under the ADA. Indeed, numerous courts have reasoned that "[o]besity, even morbid obesity . . . does not constitute a physical

impairment unless it is the result of a physiological disorder or condition." *Middleton v. CSX Transp., Inc.*, No. 3:06-CV-417/MCR/EMT, 2008 WL 846121, at *2 (N.D. Fla. Mar. 28, 2008) (collecting cases). In addition, Mr. Nowaczyk does not allege that his weight is the result of a protected physiological disorder or condition. Nor does the amended complaint support that Mr. Nowaczyk's weights, perspiration, and allegations of drug use, "substantially limit[] one or more major life activities." 42 U.S.C. § 12102(1)(A).

Likewise, Mr. Nowaczyk offers no authority supporting that allegations of drug use form the basis of a disability. Allegations of drug use alone cannot establish a disability. In addition, to establish disability, a record of mere addiction is not sufficient; the addiction must have substantially limited a major life activity. *Jeffrey O. v. City of Boca Raton*, 511 F. Supp. 2d 1328, 1336 (S.D. Fla. 2007). Accordingly, a plaintiff must demonstrate that the addiction itself constitutes a qualifying impairment — not simply that drug use occurred or was accused. Mr. Nowaczyk's amended complaint contains no such allegations.

Because Mr. Nowaczyk's amended complaint fails to plead facts supporting a claim of hostile work environment or disability discrimination, American Glass cannot be deemed to have admitted them. Nor does American Glass, by default, admit to Mr. Nowaczyk's legal conclusion that he is disabled under the ADA or FCRA. Therefore, the undersigned recommends that the

court find that default judgment is not warranted on Mr. Nowaczyk's hostile work environment or disability discrimination claims.

### B. RETALIATION CLAIMS (COUNTS III & IV)

To establish a prima facie case of retaliation, a plaintiff must show: (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *Callahan v. City of Jacksonville, Fla.*, 805 F. App'x 749, 751 (11th Cir. 2020). Unlike with hostile work environment or disability discrimination claims, the plaintiff need not actually be disabled to state a claim for retaliation. *See Branscomb v. Sec'y of Navy*, 461 F. App'x 901, 905 06 (11th Cir. 2012) (per curiam). Rather, "it is sufficient that an employee have a good faith, objectively reasonable belief that his activity is protected by the statute," or in this case, that he was disabled. *Standard v. ABEL Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). But the employee's "belief that he was disabled [must be] objectively reasonable." *Id.*

Mr. Nowaczyk alleges he reported Mr. Goss's harassment to American Glass's Vice President of Technology and Chief Operating Officer in July 2024 and complained again on the day of the drug accusation on December 20, 2024. (Doc. 23, ¶¶ 27, 32—33). Mr. Nowaczyk argues that because Mr. Goss accused him of drug use over his sweating, and persistently remarked on his

perspiration and body, Mr. Nowaczyk's belief that he was disabled was objectively reasonable. (*See* Doc. 23, ¶ 12; Doc. 24, p. 9).

As stated in the court's order denying Mr. Nowaczyk's amended motion for default judgment, Mr. Nowaczyk's amended complaint still fails to provide specific allegations that he was limited by his claimed impairment. (*See* Doc. 22, p. 6). Thus, there is no basis for the undersigned to conclude Mr. Nowaczyk believed in good faith he was disabled, and thus his activity was protected by the ADA. (*Id.*). The undersigned recommends that the court find that default judgment is not warranted on Mr. Nowaczyk's retaliation claims.

## V. CONCLUSION

For the reasons stated, the undersigned **RECOMMENDS** that Mr. Nowaczyk's second amended motion for default judgment (Doc. 24) be **DENIED**.

**ENTERED** in Tampa, Florida, on August 3, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file

written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.